FILED

04/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AC 17-0694

Hon. Amy Eddy
Asbestos Claims Court Judge
Cascade County Clerk of District Court
415 2nd Avenue North #200, 200A
Great Falls, MT 59401
(406) 758-5667

## IN THE ASBESTOS CLAIMS COURT OF THE STATE OF MONTANA

| | |
|---|---|
| IN RE ASBESTOS LITIGATION,<br><br>*Consolidated Cases.* | Cause No. AC 17-0694<br><br>**ORDER APPROVING CONSOLIDATION AND PETITION FOR ORDER APPROVING SETTLEMENT AND OF DISMISSAL WITH PREJUDICE** |

This matter is before the Court on the McGarvey Law ("ML") Libby Mine Claimants'[1] and the State of Montana's[2] ("State") *Joint Motion Approving Consolidation and Petition for Order Approving Settlement and of Dismissal with Prejudice* (hereinafter *"Petition/Dismissal Motion"*). A hearing was held before this Court on March 30, 2021, on the *Petition/Dismissal Motion.* On the basis of the *Petition/Dismissal Motion*, the hearing thereon, and good cause appearing therefor, the Court, having fully considered the same and being thereby advised in the premises, now enters the following:

---

[1] The ML Libby Mine Claimants are defined in the Memorandum of Understanding of Settlement Agreement ("ML/State MOU"), dated December 22, 2020, attached to the *Petition/Dismissal Motion* as Exhibit A.

[2] The State of Montana includes any and all departments, agencies, divisions, and employees of the State of Montana.

## FINDINGS OF FACT

1) Beginning in the late 1960's and increasingly into the 1990's, Zonolite Mining Company/W.R. Grace (collectively "Grace") employees and former employees and their family members made claims against Grace for asbestos-related diseases.

2) Many of those claims settled and some cases were tried to verdict.

3) On April 2, 2001, Grace filed a chapter 11 bankruptcy petition.

4) Since the Grace bankruptcy filing, the lawsuits identified on Exhibit B to the *Petition/Dismissal Motion* have been filed by the ML Libby Mine Claimants against the State.

5) In all the lawsuits and claims against the State, the ML Libby Mine Claimants allege injury and damages from alleged asbestos-related disease allegedly caused by the State among other defendants.

6) In December 2020, the ML Libby Mine Claimants and the State engaged in mediation in an effort to resolve the ML Libby Mine Claimants' lawsuits and claims against the State.

7) Representatives of the State of Montana's insurer, National Indemnity Company ("NIC"), attended the mediation.

8) As a result of the mediation, the State of Montana and ML Libby Mine Claimants entered into the ML/State MOU attached as Exhibit A to the *Petition/Dismissal Motion*.

9) The ML/State MOU sets forth the terms and conditions of the settlement between the ML Libby Mine Claimants and the State, including identification of settling parties; lawsuits and claims being settled; amount of settlement; form of releases; and payment of the settlement amount into a Qualified Settlement Fund Trust. NIC made no contribution to the ML/State Tentative Settlement.

10)     Under the ML/State MOU, upon judicial approval, the ML Libby Mine Claimants' lawsuits and claims against the State, will be settled for the following consideration:

a.     Payment in the amount of $4,900,000.00, which subject to court approval and the State not being precluded by court order from depositing the $4,900,000.00 into the ML Libby Mine Claimants Qualified Settlement Fund Trust ("ML Libby Mine Claimant QSF"), will be paid within thirty calendar days of court approval.

b.     A contingent payment of additional funds to the ML Libby Mine Claimants which payment is contingent upon the State recovering cash payments from NIC in the pending action *National Indemnity Company v. State of Montana ("NIC v. State")*, Montana First Judicial District Court, Lewis & Clark County, Cause No. XDDV-2012-140, as follows:

I.     Should the State be paid by NIC $1,733,900.00 over and above the $25,530,936.19 (the $16,100,000.00 previously paid by NIC into the "Libby Mine Claimants' Qualified Settlement Fund Trust" approved in *Orr v. State,* Montana First Judicial District Court, Lewis & Clark County, Cause No. BDV-2001-423 (hereinafter "*Orr* QSF") and an additional $9,430,936.19 in *NIC v. State*), the State shall pay into the ML Libby Mine Claimants QSF an additional $1,470,000.00.

II.     Should the State be paid by NIC less than $1,733,900.00 over and above the $25,530,936.19 referenced in paragraph b.I. above, the contingent $1,470,000.00 shall be reduced by .8478 for each dollar paid to the State by NIC less than $1,733,900.00 over and above the $25,530,936.19 referenced in paragraph b.I. above.  For example, if the State is paid by NIC $1,560,510.00 over and above the $25,530,936.19 referenced in paragraph b.I. above, the contingent $1,470,000.00 shall be reduced to $1,323,000.00.

III.     Should the State not be paid by NIC any money over and above the $25,530,936.19 referenced in paragraph b.I. above, there will be no additional payment due the ML Libby Mine Claimants over the $4,900,000.00 set forth in paragraph a. above.

c.     Should the State be paid by NIC at least $50,379,621.61, any amount not already paid under paragraph a. or b. shall be accelerated and paid within thirty (30) days of the State receiving such funds from NIC, court approval of the ML/State Tentative Settlement, and no order precluding the State from depositing such funds into the ML Libby Mine Claimant QSF.

d.     <u>W.R. Grace PI Trust Indirect Claims</u>:  The ML Libby Mine Claimants' lawsuits and claims shall be subject to the "State Round 4 MOU Indirect Claims Exemplar" attached to the ML/State MOU. Any ML Libby Mine Claimant may opt-out of the terms of the "State Round 4 MOU Indirect Claims Exemplar." Such a claimant will provide notice to the State prior to the execution of the Release. If a ML Libby Mine Claimant opts-out of the "State Round 4 MOU Indirect Claims Exemplar," the State reserves its right to file an Indirect Claim with the W.R. Grace PI Trust.

11)     Concurrent with the filing of this *Petition/Dismissal Motion,* the ML Libby Mine Claimants' counsel filed a separate petition for an order approving establishment of the ML Libby Mine Claimant QSF for purposes of receipt and distribution of settlement proceeds. The ML Libby Mine Claimant QSF will be subject to the jurisdiction of this Court.

12)     Under the ML/State MOU, the ML Libby Mine Claimant QSF will be funded by payments from the State.

13)     The ML/State Tentative Settlement resolves the ML Libby Mine Claimants' lawsuits and claims against the State.

14) Copies of releases from the ML Libby Mine Claimants have been provided to the Court. The Court has also been advised of the amount of the ML/State Tentative Settlement to be received by each ML Libby Mine Claimant.

15) Litigation against the State concerning alleged asbestos-related injury and damages arising out of the State's alleged actions/inactions at the W.R. Grace operations in and near Libby, Montana, has spanned nearly 21 years. The facts and legal theories involving that litigation are extraordinarily complex. The ML Libby Mine Claimants' lawsuits and claims against the State involve numerous disputed factual questions and unresolved legal questions. Given the complexity of the litigation, numerous disputed factual questions, unresolved legal issues, and risks of continued litigation, the ML/State Tentative Settlement is reasonable.

## CONCLUSIONS OF LAW

1) Mont. Code Ann. § 2-9-303(1) provides in relevant part that: "A settlement from the self-insurance reserve fund or deductible reserve fund exceeding $10,000 must be approved by the district court of the first judicial district except when suit has been filed in another judicial district, in which case the presiding judge shall approve the compromise settlement."

2) Pursuant to Mont. Code Ann. § 2-9-303(1), this Court has jurisdiction to issue an order approving the consolidation of the cases identified on Exhibit B to the *Petition/Dismissal Motion* into this matter, approving the ML/State Tentative Settlement, and dismissing with prejudice the ML Libby Mine Claimants' lawsuits and claims against the State.

3) Without consolidation, the ML Libby Mine Claimants and the State would have been required to file motions and appear for hearings for approval of settlement and orders of dismissal with prejudice in multiple proceedings.

4)       Judicial efficiency is best served by one proceeding for judicial approval of the ML/State Tentative Settlement and of dismissal with prejudice of the ML Libby Mine Claimants' lawsuits and claims against the State.

5)       Given the complexity and significant risks of continuing litigation of the cases and claims and the disputed factual questions and unresolved legal issues, the settlement is reasonable.

## ORDER

IT IS HEREBY ORDERED that the *Joint Motion Approving Consolidation and Petition for Order Approving Settlement and of Dismissal with Prejudice* is GRANTED.

IT IS ORDERED that the ML/State Tentative Settlement is APPROVED.

IT IS ORDERED that the ML Libby Mine Claimants' lawsuits and claims against the State are hereby DISMISSED WITH PREJUDICE.  Each party shall bear its own costs and fees.

IT IS ORDERED that the parties shall file a copy of this order with the Clerk of Court for the Montana Twenty-third Judicial District with reference to each of the cause numbers set forth on Exhibit B to the *Joint Motion Approving Consolidation and Petition for Order Approving Settlement and of Dismissal with Prejudice*.

IT IS FURTHER ORDERED that this order shall have no effect concerning the ML Libby Mine Claimants' cases and claims against defendants other than the State.

ELECTRONICALLY DATED AND SIGNED BELOW    *April 8, 2021*